UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JUAN LLOYD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. CASTILLO, et al.,<br><br>　　　　Defendants. | **1:20-cv-00683-JLT (PC)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE;**<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS FOR STATUS; AND**<br><br>**(Docs. 14-15)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**(Doc. 4)**<br><br>**FOURTEEN-DAY DEADLINE** |

　　　Plaintiff has filed a motion for a temporary restraining order that would grant him authorization to wear a multicolored Rastafarian Crown and to eat a religious-based diet. For the reasons set forth below, this motion should be denied.

　　　The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction ... is not a preliminary adjudication on the merits but

1

rather a device for preserving the status quo and preventing the irreparable loss of right before judgment." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc., v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Valley Force Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). Here, plaintiff is not yet proceeding on any cognizable claim. Accordingly, there is no actual case or controversy in this case as of yet. Accordingly, the Court **ORDERS** as follows:

1. The Clerk of Court is directed to assign a district judge to this case;

2. Plaintiff's motions for status (Docs. 14, 15) are **GRANTED**; and

The Court **RECOMMENDS** that plaintiff's motion for temporary restraining order and preliminary injunction (Doc. 4) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **November 12, 2020**                     **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE