UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JUAN LLOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>D. CASTILLO, et al.,<br><br>    Defendants. | Case No.: 1:20-cv-00683-JLT-CDB (PC)<br><br>**THIRD SCREENING ORDER**<br><br>(Doc. 42) |

Plaintiff Adrian Juan Lloyd is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

//

//

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### C. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g., Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v. C'nty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on inaction in the training and supervision of subordinates).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other*

1  *grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

2      To prove liability for an action or policy, the plaintiff "must ... demonstrate that his
3  deprivation resulted from an official policy or custom established by a ... policymaker possessed
4  with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d
5  707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between
6  such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v.*
7  *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the
8  involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v.*
9  *Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

10      **III.    DISCUSSION**

11          **A.  Plaintiff's Second Amended Complaint**

12      Plaintiff's second amended complaint names Kern Valley State Prison Correctional
13  Officers D. Castillo and J. Anderson, and Chaplain M. Howard, as defendants. (Doc. 42 at 1-2.)
14  He asserts First Amendment religious exercise claims and Religious Land Use and
15  Institutionalized Persons Act ("RLUIPA") claims. (*Id.* at 3-4.) Plaintiff seeks compensatory and
16  punitive damages, as well as injunctive relief. (*Id.* at 6.) Plaintiff supports his second amended
17  complaint with a document titled "Declaration in Support of Royal and Divine Colors. Notice of
18  Administrative Obstruction" (*id.* at 8-12) and several exhibits (*id.* at 13-30).

19          **B.  Factual Allegations**

20      Plaintiff contends that on May 9, 2019, Defendant Castillo, under the supervision of
21  Defendant Anderson, confiscated his red, gold and green crown. (Doc. 42 at 3.) Plaintiff alleges
22  he informed Castillo that he was violating Plaintiff's constitutional rights and Anderson
23  responded, "'No he's not.'" (*Id.*) Plaintiff asserts Castillo and Anderson also violated California
24  Code of Regulations sections 3006(d) and 3213(e)(1)(2) regarding religious items. (*Id.*)
25  Additionally, Plaintiff contends Castillo and Anderson refused to allow Plaintiff to cover his
26  dreadlocks with a grey watch cap as a ready alternative and have consistently refused to do so for
27  nearly three years. (*Id.*) Plaintiff asserts Castillo and Anderson continue to deprive Plaintiff of his
28  right to wear the royal and divine colors of his Rastafarian faith. (*Id.*) Castillo and Anderson also

continue to deprive Plaintiff of his right to wear a grey watch cap. (*Id*. at 7.) Plaintiff sues Castillo and Anderson in their individual and official capacities. (*Id*.) As a result of Castillo and Anderson's actions, Plaintiff has suffered, and continues to suffer, harm. (*Id*. at 3, 7.)

Next, Plaintiff states that as a follower of Rastafari, he does not consume any meat, fish, chicken, or eggs, but does partake in a limited amount of dairy products. (Doc. 42 at 4.) Plaintiff contends he informed Defendant Howard, but Howard directed Plaintiff to contact Health Services. (*Id*.) Health Services then advised Plaintiff "they do not deal with such issues. That issue, diet, is assigned to the chaplain." (*Id*.) Plaintiff alleges Howard's refusal to assign him a "corresponding diet" caused Plaintiff to lose a significant amount of weight. (*Id*.) He maintains that Howard's neglect deprived him, and continues to deprive him, of a diet that accords with his religion. Plaintiff sues Defendant Howard in his individual and official capacities. (*Id*.) Plaintiff asserts his injury is ongoing as he continues to be served food that in "not in accordance with one's religious dietary tenets of which one does not eat." (*Id.*)

In the supporting declaration, Plaintiff provides additional information concerning his right to possess the confiscated crown, descriptions and copies of photographs of two crowns Plaintiff received and purchased from an approved vendor while housed at California State Prison, Folsom in July 2018, a California Department of Corrections and Rehabilitation ("CDCR") 1083 property form dated August 15, 2019, and a grievance submitted September 27, 2018. (Doc. 42 at 8-9, 13-25.) Plaintiff also provides copies of portions of the CDCR's Operations Manual and KVSP's Inmate Orientation Handbook. (*Id*. at 26-30.)

### C. Plaintiff's Claims and Analysis

<u>Claim One: Claims Against Defendants Castillo and Anderson</u>

*First Amendment Free Exercise Clause*

To state a claim under the Free Exercise Clause, an inmate must plausibly allege that a prison official's actions: (a) "substantially burden[ed]" the inmate's exercise of a sincerely-held religious belief; and (b) did so in an unreasonable manner -- i.e., the official's actions were not "rationally related to legitimate penological interests." *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-50 (1987); *Jones v. Williams*, 791 F.3d 1023, 1031, 1033 (9th Cir. 2015); *Shakur v.*

*Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). A substantial burden places more than an inconvenience on religious exercise; it must tend to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs. *Jones*, 791 F.3d at 1031-32. Plaintiff must demonstrate that prison officials prevented him from engaging in conduct which he sincerely believes is required by his faith. *Shakur*, 514 F.3d at 884-85. The underlying religious belief must be "sincerely held." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994); *see also Shakur*, 514 F.3d at 884-85 (noting that the "sincerity test," not the "centrality test," applies to a free exercise analysis).

Liberally construing the second amended complaint, Plaintiff has plausibly alleged a claim under the Free Exercise Clause against Defendants Castillo and Anderson. Plaintiff makes an initial showing of a sincerely held religious belief and states the religious and spiritual significance of the three colors in the Rastafarian crown as "royal and divine." He contends Castillo and Anderson continue to refuse to permit him to wear an allowable Rastafarian crown in those colors. Further, Plaintiff alleges Castillo and Anderson also refuse to allow Plaintiff to wear an approved grey watch cap as an alternative to the crown.

*RUILPA*

RLUIPA holds prison officials to a stricter standard than under the First Amendment. *Green v. Solano Cty. Jail*, 513 F.3d 992, 986, 989 (9th Cir. 2008). The act provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person– (1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a). The RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). The Court must construe this provision "in favor of a broad protection of religious exercise, to the extent permitted by the terms of this chapter and the Constitution." 42 U.S.C. § 2000cc-3(g). "A prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation." *Holt v. Hobbs*, 574 U.S. 352, 360-61 (2015) (citing *Burwell v. Hobby*

1  *Lobby Stores, Inc.*, 573 U.S. 682, 717, n.28 (2014)). After the Court has identified the "religious
2  exercise" allegedly impinged upon, it must determine whether the prison regulation or action at
3  issue "substantially burdens" that religious exercise. *Greene,* 513 F.3d at 987. The plaintiff must
4  allege facts demonstrating that defendant substantially burdened the exercise of his religious
5  beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005). Though the statute does
6  not define "substantial burden," the Ninth Circuit has held that "a substantial burden on religious
7  exercise must impose a significantly great restriction or onus upon such exercise." *Hartmann v.*
8  *Cal. Dep't of Corr. & Rehab*, 707 F.3d 1114, 1124-25 (9th Cir. 2013) (citing *San Jose Christian*
9  *Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). A substantial burden occurs
10 when the state's denial of accommodation places "substantial pressure on an adherent to modify
11 his behavior and to violate his beliefs." *Hartmann*., 707 F.3 at 1124-25 (citing *Warsoldier*, 418
12 F.3d at 995). If the plaintiff demonstrates a substantial burden on his free exercise, the burden
13 shifts to the defendants to show that the burden imposed is (1) in furtherance of a compelling
14 governmental interest, and (2) is the least restrictive means of furthering that interest. RLUIPA
15 does not waive a state's sovereign immunity from suits for money damages, nor does it
16 "authorize suits for damages against state officials in their individual capacities." *Jones v.*
17 *Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (citing *Sossamon v. Texas*, 563 U.S. 277, 284-85
18 (2011); *Wood v. Yordy*, 753 F.3d 899, 903-04 (9th Cir. 2014)).

19 Here, liberally construing the second amended complaint, Plaintiff alleges cognizable
20 RUILPA claims against Defendants Castillo and Anderson. He does so by asserting that Castillo
21 and Andersons' ongoing refusal to permit him to wear a crown or a gray watch cap substantially
22 burdens the exercise of his Rastafarian beliefs.

23 <u>Claim Two: Claims Against Defendant Howard</u>

24 Without repeating the legal standards above, and liberally construing the second amended
25 complaint, Plaintiff alleges cognizable Free Exercise Clause/Religious Diet[1] and RUILPA claims

---

[1] Inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987). As Plaintiff was advised in the second screening order, concerning his requests for particular menu items, "the Court lacks jurisdiction over the CDCR and cannot impose a particular menu on the institution." (*See* Doc. 29 at 9, n.3.)

7

against Defendant Howard. Plaintiff asserts Howard, as chaplain at SATF, refused to accommodate his dietary needs as a practicing Rastafarian. Those needs include the exclusion of fish and eggs and limitations concerning dairy consumption. Although Howard oversees the Religious Diet Program, Howard directed Plaintiff to file a health care grievance regarding the issue; in resolving that grievance, prison officials advised Plaintiff the issue of his dietary needs must be resolved by the chaplain. As a result of Howard's actions, Plaintiff alleges he has lost a significant amount of weight.

### IV.  CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's second amended complaint states cognizable First Amendment claims and RLUIPA claims against Defendants Castillo, Anderson and Howard. The Court will issue a separate order directing service of the second amended complaint.

IT IS SO ORDERED.

Dated:  **November 20, 2023**

UNITED STATES MAGISTRATE JUDGE