UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JUAN LLOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>D. CASTILLO, et al.,<br><br>    Defendants. | Case No.: 1:20-cv-00683-JLT-CDB (PC)<br><br>**ORDER RE PLAINTIFF'S FILING OF NOVEMBER 17, 2025**<br><br>(Doc. 83) |

Plaintiff Adrian Juan Lloyd proceeds pro se and *in forma pauperis* in this civil rights case pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's First Amendment free exercise of religion claims against Defendants Castillo and Anderson.

**I.    RELEVANT BACKGROUND**

On April 7, 2025, the Court issued its Discovery and Scheduling Order. (Doc. 80.) The following schedule was set:

    The deadline to amend pleadings: July 7, 2025

    The deadline to file an exhaustion motion: August 7, 2025

    The deadline for the completion of discovery: December 7, 2025

    The deadline to file dispositive motions: February 17, 2026.

(*Id*.) The first two deadlines have passed, and only the discovery cut off and dispositive motion deadlines remain.

1  On November 17, 2025, Plaintiff filed a document titled "Clarification Motion."[1] (Doc. 83.) The Court deems any response by Defendants to be unnecessary.

## II.    GOVERNING LEGAL STANDARD

"Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). However, a district court "should address the issue under Federal Rule of Civil Procedure 16 [where] it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend." *Id.*; *e.g., Beech v. San Joaquin County*, No. 2:15-cv-00268-TLN-CKD, 2019 WL 5566250, at *2 (E.D. Cal. Oct. 29, 2019) ("When a court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Rule 16 governs any amendments to the complaint."); *Moriarty v. Cnty. of San Diego*, No. 17-cv-1154-LAB (AGS), 2019 WL 4643602, at *4 (S.D. Cal. Sept. 24, 2019) ("Ordinarily, leave to amend is governed by Fed. R. Civ. P. 15(a)'s standard. Here, however, amendment would also require amending the scheduling order, implicating Fed. R. Civ. P. 16.").

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609 (finding that a belated motion to amend is governed by Rule 16 and not Rule 15(a)). If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id*. If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609). "Only upon a finding of good cause will the court then evaluate the request to amend the complaint under Rule 15(a)'s standards." *Baugher Ranch Organics v. Great Host Int'l, Inc.*, No. 2:21-cv-00646-MCE-DB, 2023 WL 6164029, at *1-2 (E.D. Cal Sept. 21, 2023) (declining to conduct a Rule 15 analysis after finding that the moving party failed to establish good cause); *accord Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and

---

[1] The filing was docketed as a Motion for Clarification.

effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.")

### III.   DISCUSSION

Plaintiff asserts he "is aware of the July 7, 2025, deadline to amend pleadings," but states it "recently came to Plaintiff that Plaintiff should contact the Court about the following issue." (Doc. 83 at 1.) Plaintiff contends that Defendant Castillo "committed due process violations in regards to CCR[2] 3213(b)(e)(1)(2)." (*Id*.) He states he "luckily recalls mentioning that issue in his initial complaint" and that because he "didn't cite a 14th Amendment claim in his third amended complaint," he wishes to "now, amend the complaint." (*Id*. at 1-2.) Plaintiff asks, "Although it is mentioned that Defendant Castillo violated the 14th Amendment does Plaintiff need to actually write it in an amended complaint for that claim to stand?" (*Id*. at 2.)

As Plaintiff recognizes, the deadline for amending pleadings has passed. Given that Plaintiff's proposed amendment is not based on new evidence, but rather, is premised on facts and legal theories known and available to him long before expiration of the deadline to seek to amend pleadings, Plaintiff fails to demonstrate good cause that would warrant granting leave to amend. *See Zivkovic*, 302 F.3d at 1087; *Johnson*, 975 F.2d at 609.

As concerns Plaintiff's assertion that his original complaint "mentioned" or included a claim asserting a due process violation allegedly committed by Defendant Castillo, the Court disagrees. A review of the original complaint filed May 15, 2020 — more than five years ago — reveals Plaintiff plainly asserted First Amendment free exercise claims. (*See* Doc. 1.) Relevant here, the Court's first screening order addressed such claims and found Plaintiff had not sufficiently pled a "Free Exercise clause [claim] against CO Castillo and Sgt. Anderson for their confiscation of plaintiff's crown." (*Id*. at 6.) Plaintiff was given leave to file a first amended

---

[2] Violations of the California Code of Regulation provisions do not support a claim under section 1983; section 1983 only provides a cause of action for the deprivation of federally protected rights. *See e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred"); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (same); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (same).

1  complaint to cure that deficiency. (*Id*. at 7-9.) Plaintiff's first amended complaint filed December
2  14, 2020, and second amended complaint filed November 22, 2021, also asserted First
3  Amendment free exercise claims against Defendant Castillo. (*See* Doc. 23 at 3 & Doc. 42 at 3.)
4  The same is true of Plaintiff's third amended complaint filed April 12, 2024. (Doc. 66.) At no
5  time has the Court found any factual allegations asserted by Plaintiff could be construed to allege
6  a Fourteenth Amendment due process violation against any named Defendants. (*See* Docs. 18, 29,
7  53 & 69.)

In sum, even were the Court inclined to consider Plaintiff's instant filing to be a motion seeking leave to amend his complaint, the motion would be denied for the reasons set forth above.

### IV.   CONCLUSION AND ORDER

Accordingly, for the reasons given above, Plaintiff's motion (Doc. 83) filed November 17, 2025, is **HEREBY RESOLVED**.

IT IS SO ORDERED.

Dated:   **November 18, 2025**

UNITED STATES MAGISTRATE JUDGE