UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JUAN LLOYD,<br><br>        Plaintiff,<br><br>    v.<br><br>D. CASTILLO, et al.,<br><br>        Defendants. | Case No.: 1:20-cv-00683-JLT-CDB (PC)<br><br>**ORDER RE PLAINTIFF'S FILING OF DECEMBER 4, 2025**<br><br>(Doc. 85) |

Plaintiff Adrian Juan Lloyd proceeds pro se and *in forma pauperis* in this civil rights case pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's First Amendment free exercise of religion claims against Defendants Castillo and Anderson.

**I.    RELEVANT BACKGROUND**

On April 7, 2025, the Court issued its Discovery and Scheduling Order. (Doc. 80.) Relevant here, the deadline to amend pleadings was set for July 7, 2025.

On November 17, 2025, Plaintiff filed a document titled "Clarification Motion."[1] (Doc. 83.)

On November 18, 2025, the Court issued its Order re Plaintiff's Filing of November 17, 2025. (Doc. 84.) The Court addressed Plaintiff's inquiry regarding the potential for filing an amended complaint, concluding that "even were the Court inclined to consider Plaintiff's instant

---

[1] The filing was docketed as a Motion for Clarification.

1  filing to be a motion seeking leave to amend his complaint, the motion would be denied for the
2  reasons set forth above." (*Id*. at 2-4.)
3        On December 4, 2025, Plaintiff filed a document titled "Clarification for the Court 'Good
4  Faith' Inquiry." (Doc. 85.)
5      **II.**    **DISCUSSION**
6        Plaintiff states the following: (1) he "didn't state 'luckily' in his inquiry to this Court;" (2)
7  he did cite to "CCR 3006(d) and 3213(b)(e)(1)(2) in the original complaint and in all amended
8  complaints;" (3) that "all 3 levels of the inmate grievance (602) is also in the original
9  complaint …;" (4) he has "never claimed, stated, nor intimated that he include a 14th Amendment
10 claim in any variation of this complaint …;" (5) that Defendants "absolutely bypassed"
11 regulations; and (6) Defendants violated the California Code of Regulations and violated his due
12 process rights. (Doc. 85 at 1-2.) Plaintiff then asks: "Does a 14th Amendment claim need to be
13 made? If so, Plaintiff humbly request leave to amend." (*Id*. at 2.)
14              ***Applicable Legal Standards***
15       "Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to
16 pleadings." *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294 (9th Cir. 2000). However, a
17 district court "should address the issue under Federal Rule of Civil Procedure 16 [where] it had
18 filed a pretrial scheduling order that established a timetable for amending the pleadings, and the
19 deadline had expired before [plaintiffs] moved to amend." *Id*.; *e.g*., *Beech v. San Joaquin County*,
20 No. 2:15-cv-00268-TLN-CKD, 2019 WL 5566250, at *2 (E.D. Cal. Oct. 29, 2019) ("When a
21 court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Rule
22 16 governs any amendments to the complaint"); *Moriarty v. Cnty. of San Diego*, No. 17-cv-1154-
23 LAB (AGS), 2019 WL 4643602, at *4 (S.D. Cal. Sept. 24, 2019) ("Ordinarily, leave to amend is
24 governed by Fed. R. Civ. P. 15(a)'s standard. Here, however, amendment would also require
25 amending the scheduling order, implicating Fed. R. Civ. P. 16").
26       "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party
27 seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good
28 cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*

1  *v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (finding that a belated motion to
2  amend is governed by Rule 16 and not Rule 15(a)). If the moving party is unable to reasonably
3  meet a deadline despite acting diligently, the scheduling order may be modified. *Id*. If, however,
4  the moving party "'was not diligent, the inquiry should end' and the motion to modify should not
5  be granted." *Zivkovic v. So. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting
6  *Johnson*, 975 F.2d at 609). "Only upon a finding of good cause will the court then evaluate the
7  request to amend the complaint under Rule 15(a)'s standards." *Baugher Ranch Organics v. Great
8  Host Int'l, Inc*., No. 2:21-cv-00646-MCE-DB, 2023 WL 6164029, at *1-2 (E.D. Cal Sept. 21,
9  2023) (declining to conduct a Rule 15 analysis after finding that the moving party failed to
10 establish good cause); *accord Sosa v. Airprint Sys., Inc*., 133 F.3d 1417, 1419 (11th Cir. 1998)
11 ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling
12 orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of
13 the Federal Rules of Civil Procedure").

14  *Analysis*

15  Initially, the Court notes the deadline to seek leave to amend pleadings —July 7, 2025—
16 has long since passed. (*See* Doc. 80.) Thus, even had the Court been inclined to construe
17 Plaintiff's November 17, 2025, filing as a motion for leave to amend, it was untimely. Plaintiff's
18 December 4, 2025, filing is untimely as well.

19  Plaintiff's complaints have been screened on three occasions (*see* Docs. 18, 29 & 53). If
20 Plaintiff believed Defendants violated his federal constitutional rights by failing to comply with
21 state regulations, particularly where Plaintiff asserts the relevant California Code of Regulations
22 are cited in each of his complaints, Plaintiff was obligated to move to amend the operative
23 complaint *prior* to the July 7, 2025, deadline set in the scheduling order. He did not do so. *See
24 Coleman*, 232 F.3d at 1294; *Beech*, 2019 WL 5566250, at *2; *Moriarty*, 2019 WL 4643602, at
25 *4.

26  Further, even construing the December 4 filing to be a motion to modify the scheduling
27 order, Plaintiff has failed to establish good cause for any such modification. *Johnson*, 975 F.2d at
28 609. He offers no explanation for why he waited more than four months after the July 7 deadline

3

1    to make his inquiries or requests to the Court. *Id*. ("Failing to heed clear and repeated signals that
2    not all necessary parties [or claims] had been named [or asserted] in the complaint does not
3    constitute due diligence"); *see Ottele v. Martinez*, No. 1:22-cv-00187-JLT-CDB, 2023 WL
4    6392693, at *4 (E.D. Cal. Oct. 2, 2023) ("For the same reasons this Court exhaustively
5    catalogued in its May 8 Order denying Plaintiff's request for a second, 90-day extension of
6    discovery dates and for an extension of time to seek leave to amend …, the Court concludes that
7    leave to amend is unavailable given Plaintiff's failure to exercise reasonable diligence during the
8    period of extended discovery"); *Johnson v. Garrett*, No. 3:20-cv-01935-JR, 2023 WL 4565452, at
9    *2 (D. Ore. Mar. 15, 2023) ("Plaintiff did not seek an extension of the pleading deadline set forth
10   in the scheduling order, and he makes no showing of good cause for modification thereof");
11   *Cutera, Inc. v. Lutronic Aesthetics, Inc*., No. 2:20-CV-00235-KJM-DB, 2022 WL 3020049, at *3
12   (E.D. Cal. July 29, 2022) ("As the Ninth Circuit emphasized more than thirty years ago in
13   [*Johnson v.*] *Mammoth*, scheduling orders cannot be disregarded. … Since then, given the heavy
14   caseloads within this district, the importance of the Rule 16 scheduling order has only grown");
15   *Brown v. Simpson Strong-Tie Company, Inc.*, No. 2:19-cv-01921-KJM-AC, 2022 WL 992991, at
16   *2 (E.D. Cal. Apr. 1, 2022) ("The Ninth Circuit has often affirmed district court orders denying
17   motions to amend the pleadings when, as in this case, the moving party has not adequately
18   explained why it did not move to amend sooner"); *White v. Balderama*, No. 3:21-cv-05095-BJR-
19   JRC, 2022 WL 21778378, at *1 (W.D. Wash. Jan. 28, 2022) ("plaintiff's motion is untimely, and
20   he has not shown good cause to amend the scheduling order"); *Folta v. Van Winkle*, No. CV-14-
21   01562-PHX-PGR (ESW), 2018 WL 1729342, at *2 (D. Ariz. Apr. 10, 2018) ("Ninth Circuit case
22   law supports a district court's denial of a motion filed after the applicable scheduling order
23   deadline on the ground that the movant did not request to modify the deadline").
24          Because Plaintiff allowed the deadline to amend pleadings to pass and was not diligent,
25   the Court need not evaluate his request to amend the complaint. *Zivkovic*, 302 F.3d at 1087;
26   *Baugher Ranch Organics*, 2023 WL 6164029, at *1-2.
27   //
28   //

4

### III. CONCLUSION AND ORDER

Accordingly, for the reasons given above, Plaintiff's request or motion (Doc. 85) filed December 4, 2025, is **HEREBY RESOLVED**. Plaintiff did not act diligently and did not establish good cause to amend the scheduling order. He may not now amend the operative complaint.

The Court notes the deadlines for the completion of all discovery and for the filing of dispositive motions (December 7, 2025, and February 17, 2026, respectively) remain as set in the Discovery and Scheduling Order issued April 7, 2025.

IT IS SO ORDERED.

Dated: **December 5, 2025**

UNITED STATES MAGISTRATE JUDGE