UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ADRIAN JUAN LLOYD,

           Plaintiff,

    v.

D. CASTILLO, et al.,

           Defendants.

Case No.: 1:20-cv-00683-JLT-CDB (PC)

**ORDER GRANTING MOTION FOR EXTENSION OF TIME WITHIN WHICH TO OPPOSE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

(Doc. 92)

Plaintiff Adrian Juan Lloyd proceeds pro se and *in forma pauperis* in this civil rights case pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's First Amendment free exercise of religion claims against Defendants Castillo and Anderson.

**I.      INTRODUCTION**

Defendants filed a motion for summary judgment on February 17, 2026. (Doc. 90.) The motion included a *Rand*[1] warning. (Doc. 90-1.)

On March 2, 2026, Plaintiff filed a document titled "Motion for Extension of Time." (Doc. 92.)

//

//

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

## II.    DISCUSSION

Despite the title referencing an extension of time, Plaintiff states his "request is for the purpose of clarification." (Doc. 92.) Referencing the *Rand* warning, Plaintiff asks whether he is "to copy those facts" in Defendants' statement of undisputed facts and whether he is "to respond to the exhibit and declaration references" given for the itemized facts. (*Id*.)

Plaintiff is obligated to consult Rule 56 of the Federal Rules of Civil Procedure and this Court's Local Rule 260(b). Pursuant to this Court's Local Rules, Plaintiff "shall reproduce the itemized facts in the Statement of Undisputed Facts …" in his opposition to a summary judgment motion. *See* Local Rule 260(b). For each itemized (numbered) fact, Plaintiff should either "admit" or "deny" that fact. *Id*. For those facts Plaintiff denies, he should provide a citation to "any pleading, affidavit, deposition, interrogatory answer, admission, or other document" that supports his denial. *Id*. In other words, Plaintiff does not need to "respond to the exhibit and declaration references" cited by Defendants but rather should indicate what evidence supports his own position. Rule 56 of the Federal Rules of Civil Procedure provides that if a party "fails to properly address another party's assertion of fact …, the court may … consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). If Plaintiff does not deny a material fact asserted as undisputed by Defendants, the Court will treat that fact as undisputed when considering the motion. By reproducing the itemized or numbered undisputed facts in an opposition and indicating whether the opposing party admits or denies each fact, *and* by citing the evidence that supports *his or her* position, an opposing plaintiff complies with the relevant rules and the Court will consider the opposing party's position before determining whether the fact is disputed or undisputed.

Local Rule 260(b) further provides that an "opposing party may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment." *Id*. If Plaintiff believes there exist additional facts, not cited by Defendants, that will support a denial of Defendants' motion, Plaintiff may also file a "Statement of Disputed Facts" in his opposition and identify the source that supports the facts as disputed. This additional statement is not required.

Although Plaintiff does not expressly request an extension of time within which to oppose Defendants' pending motion for summary judgment, the Court will grant an extension of the current deadline, presuming Plaintiff intended to seek additional time considering his inquiries. Specifically, the Court will grant Plaintiff an additional 30 days within which to file an opposition.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1.  Plaintiff's request for an extension of time (Doc. 92) is **GRANTED**; and

2.  Plaintiff **SHALL** file any opposition to Defendants Castillo and Anderson's pending summary judgment motion **no later than April 9, 2026**.[2]

**No further requests for an extension of time will be considered absent a showing of good cause. Separately, any failure by Plaintiff to timely file an opposition to Defendants' motion for summary judgment may result in the Court treating Defendants' motion, including its statement of undisputed material facts, as unopposed.**

IT IS SO ORDERED.

Dated:   **March 6, 2026**

UNITED STATES MAGISTRATE JUDGE

---

[2] 2/17/26 + 21 days = 3/10/26. *See* Local Rule 230(*l*) (original deadline). 3/10/26 + 30 days = 4/9/26 (extended deadline).

3