UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JUAN LLOYD,<br><br>                Plaintiff,<br><br>        v.<br><br>D. CASTILLO, et al.,<br><br>                Defendants. | Case No.: 1:20-cv-00683-JLT-CDB (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. 101) |

Plaintiff Adrian Juan Lloyd is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This case proceeds on Plaintiff's First Amendment free exercise claims against Defendants Castillo and Anderson.

**I.      RELEVANT BACKGROUND**

On February 17, 2026, Defendants filed a motion for summary judgment. (Doc. 90.)

On March 26, 2026, following an extension of time, Plaintiff filed "Plaintiff's Motion in Opposition to Summary Judgment Motion." (Doc. 96.) On April 2, 2026, Plaintiff filed a document titled "Addendum Declaration of Adrian Lloyd." (Doc. 97.)

Thereafter, on April 9, 2026, Defendants filed a reply to Plaintiff's opposition. (Doc. 98.) That same date, Plaintiff filed a document titled "Additional (Opposition to Summary Judgment Motion) Information." (Doc. 99.) Then on April 21, 2026, Plaintiff filed a document titled

"Declaration of Adrian Lloyd in Response to the Defendant's Reply."[1] (Doc.100.)

On April 27, 2026, Defendants filed a Motion to Strike and Opposition to Plaintiff's Sur-Reply, asking the Court to strike Plaintiff's most recent filing (Doc. 101).

## II.    DISCUSSION

A review of Plaintiff's April 21, 2026, filing (Doc. 100) reveals it to be a sur-reply; it follows Defendants' merits-based summary judgment motion, Plaintiff's opposition, and Defendants' reply thereto.

Generally, a party has no right to file a sur-reply, and motions are deemed submitted when the time to reply has expired. Local Rule 230(l).[2] The Court views motions for leave to file a sur-reply with disfavor. *See Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005). However, district courts have the discretion to either permit or preclude a sur-reply. *See U.S. ex rel. Meyer v. Horizon Health Corp*., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas Cnty. School Dist*., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In this Circuit, courts are required to afford pro se litigants additional leniency. *See, e.g*., *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). This leniency, however, does not extend to permitting sur-replies as a matter of course, and the Court is not generally inclined to permit sur-replies absent an articulation of good cause why such leave should be granted. Neither the Federal Rules of Civil Procedure, nor this Court's Local Rules permit the filing of a sur-reply as a matter of right. *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1132 (E.D. Cal. July 18, 2016); *Hill*, 2005 WL 3031136, at *1; *see Delphin v. Morley*, No. 1:19-cv-01076-SKO (PC), 2023 WL 4162998, at *1 (E.D. Cal. June 23, 2023)

---

[1] The document was dated and signed April 16, 2026. (Doc. 100 at 5.)

[2] "All such motions will be deemed submitted when the time to reply has expired." Local Rule 230(*l*).

("Neither the Federal Rules of Civil Procedure nor the Local Rules contemplate the filing of a sur-reply").

Additionally, and relevant here, Local Rule 230(m) provides as follows:

> **Supplementary Material**. After a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval except:
>
> (1) **Objection to Reply Evidence**. If new evidence had been submitted with the reply brief, the opposing party may file and serve, no later than seven (7) days after the reply is filed, an Objection to Reply Evidence stating its objections to the new evidence. The Objection to Reply Evidence may not include further argument on the motion.
>
> (2) **Notice of Supplemental Authority**. Any party may file a notice of supplemental authority to bring the Court's attention to a relevant judicial opinion issued after the date that party's opposition or reply was filed. The notice of supplemental authority may contain a citation to the new authority but may not contain additional argument on the motion.

Local Rule 230(m)(1) & (2).

A review of the Defendants' April 9 response to Plaintiff's opposition reveals that Defendants did not submit new evidence with the reply brief. Local Rule 230(m)(1). Rather, Defendants were responding directly to the arguments Plaintiff asserted in his opposition. *Hill,* 2005 WL 3031136, at *1; *see Arzaga v. Santiago*, No. 2:18-cv-0313 KJM KJN P, 2022 WL 847328, at *1 (E.D. Cal. Mar. 22, 2022) ("defendants did not raise new arguments in the reply brief, and it appears plaintiff merely seeks another opportunity to oppose defendants' motion. Therefore, the undersigned declines to grant plaintiff an opportunity to file a sur-reply").

Next, Plaintiff's sur-reply does not involve a relevant judicial opinion issued after his opposition was filed or after Defendant's reply was filed. Local Rule 230(m)(2).

Lastly, the undersigned notes that Plaintiff made the April 21, 2026, filing as if it were permitted as a matter of right. Consistent with the authorities noted above, it is not. Nor has Plaintiff articulated good cause in support of the submission. *Garcia*, 195 F. Supp. 3d at 1132; *Delphin*, 2023 WL 4162998, at *1; *see Serrano v. Rudas*, No. 1:22-cv-00950-KES-CDB, 2025 WL 958587, at *3 (E.D. Cal. Mar. 31, 2025) (finding Serrano's sur-reply "impermissible and unnecessary" and declining "to provide Plaintiff with another opportunity to oppose Defendant's

motion"); *Spencer v. Milan*, No. 1:20-cv-00682-JLT-GSA-PC, 2023 WL 3868225, at *1 (E.D. Cal. June 7, 2023) (the leniency afforded pro se litigants "does not extend to permitting surreplies as a matter of course and the Court is generally not inclined to permit surreplies absent an articulation of good cause why such leave should be granted").

In sum, the Court finds Plaintiff's sur-reply is impermissible and unnecessary and declines to provide him with another opportunity to oppose Defendants' motion for summary judgment.

### III.    CONCLUSION AND ORDER

Based upon the foregoing, the Court **HEREBY ORDERS** as follows:

1.  Defendants' motion to strike Plaintiff's sur-reply (Doc. 101) is **GRANTED**;

2.  The Clerk of the Court is directed to **STRIKE** Plaintiff's filing of April 21, 2026 (Doc. 100); and

3.  Defendants' motion for summary judgment was deemed submitted on April 9, 2026; no further briefing will be entertained, and the undersigned will issue findings and recommendations concerning Defendants' summary judgment motion in due course.

IT IS SO ORDERED.

Dated:    **April 30, 2026**

_____
UNITED STATES MAGISTRATE JUDGE