**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADRIAN JUAN LLOYD,<br>Plaintiff,<br>v.<br>D. CASTILLO, et al.,<br>Defendants. | Case No.: 1:20-cv-00683 JLT CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 90, 105) |

Adrian Juan Lloyd seeks to hold defendants Castillo and Andreson liable for violating his First Amendment right to the free exercise of his religion, based upon the officers' confiscation of Plaintiff's Rastafarian crown and their refusal to permit Plaintiff to wear his crown. (*See generally* Doc. 66.) Defendants seek summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 90.) Plaintiff opposed the motion. (Docs. 96, 97.)

The magistrate judge found that "Defendants did not substantially burden Plaintiff's religious beliefs" through the confiscation of his Rastafarian crown. (Doc. 105 at 10, emphasis omitted.) In so finding, the magistrate judge determined it was undisputed that "Plaintiff can practice Rastafarianism without wearing a crown, many Rastafarians practice their religion without wearing a crown, and that those who choose not to wear a crown are not considered less devout or pious." (*Id.*) The magistrate judge also found it was undisputed that Plaintiff "had another suitable crown and was able to purchase other crowns through approved vendors." (*Id.*)

The magistrate judge found Defendants presented uncontroverted evidence that a policy known as "the Religious Personal Property Matrix" ("RPPM") "prohibits specific colors because they represent security threats due to their association with strategic threat groups, also known as gangs." (Doc. 105 at 3.) The magistrate judge found that "the RPPM plainly prohibits inmates from possessing and wearing religious clothing items "in any shade of green, black, brown, tan, red, or blue unless otherwise indicated." (*Id.* at 15, citing Doc. 90-7 at 5.) The magistrate judge determined it was also undisputed that the "confiscated crown included the prohibited colors of green and red" and was not authorized under the RPPM, "meaning Plaintiff could not 'wear' or 'carry' his confiscated crown 'at any time.'" (*Id.*, citation omitted.) The magistrate judge found Defendants carried their burden to show that "the policies in issue were reasonably related to legitimate penological interests," and Plaintiff did not present refuting evidence. (*Id.* at 14, 16; *see also id.* at 12-16.) Therefore, the magistrate judge found Defendants are entitled to summary judgment and recommended the Court grant the pending motion. (*Id.* at 16.)

Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 106.) He contends there are material disputes of facts regarding his claim because the CDCR continues to allow crowns with the "royal, eternal and divine colors" for his religion—red, gold, and green—to be purchased from prison vendors. (*Id.* at 2, 5-6.) Plaintiff also believes that the "RPPM doesn't cite prohibited colors as a 'security threat.'" (*Id.* at 2-3; *see also id.* at 4.) He asserts that once the crown was confiscated, Defendants "then directed Plaintiff to get another crown with the same prohibited colors but less of the prohibited colors." (*Id.* at 3.) In addition, Plaintiff contends "gang members look upon the colors of … Rastafari as neutral." (*Id.* at 4.) Plaintiff maintains the confiscation of his crown violated the California Code of Regulations. (*Id.* at 4-5.)

Plaintiff's objections do not establish a material dispute of fact regarding his claim. As the magistrate judge observed, Defendants presented uncontroverted evidence that the RPPM prohibits "personal religious clothing" that are green and red, and it indicates "[m]ulticolored items shall not appear to be predominately one of the restricted colors." (Doc. 105 at 3, citation omitted.) To this end, Defendants' instruction to obtain a crown with "less" of the identified colors is consistent with the RPPM policy. Moreover, it was undisputed that the prison vendors

sell crowns with "green, red, and gold stripes," but the crowns sold are also "predominately grey." (*Id.* at 4.) Thus, Plaintiff does not identify a material dispute of fact related to the ability to purchase crowns from prison vendors despite the inclusion of red and green colors on the crowns. Plaintiff's belief that gang members may view his Rastafarian crown as "neutral" is likewise insufficient to create a material dispute of fact or counter the evidence presented from Defendants that "specific colors… represent security threats due to their association with … gangs." (*See* Doc. 105 at 3, citation omitted.) Plaintiff also does not show that Defendants violated his *constitutional* rights by identifying an alleged violation of state regulations. *See Case v. Kitsap Cnty. Sheriff's Dep't,* 249 F.3d 921, 930 (9th Cir. 2001). Plaintiff fails to show any legal or factual error in the magistrate judge's analysis.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 10, 2026 (Doc. 105) are **ADOPTED** in full.
2. Defendants' motion for summary judgment (Doc. 90) is **GRANTED**.
3. The Clerk of Court is directed to enter judgment in favor of Defendants, terminate any pending motions or deadlines, and to close this case.

IT IS SO ORDERED.

Dated: September 30, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE